UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAURETTA HUMPHREY,

                    Plaintiff,            **ORDER**
                                                    21-CV-1901 (RPK) (LB)
        -against-

U.S. ARMY CORPS OF ENGINEERS and
LONG ISLAND NATIONAL CEMETERY,

                    Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Lauretta Humphrey has applied to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) in her *pro se* action against the U.S. Army Corps of Engineers and Long Island National Cemetery. Because plaintiff has not established that she is unable to pay the filing fee, her request to proceed *in forma pauperis* is denied. Plaintiff is granted 30 days from the date of this order to file an amended application.

**DISCUSSION**

      The federal *in forma pauperis* statute allows indigent litigants to file lawsuits without prepaying the filing fees. The statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed *in forma pauperis* if she "cannot because of [her] poverty pay or give security for" the costs of filing "and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

A court may dismiss a case that has been filed *in forma pauperis* if the court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the *in forma pauperis* statute. *See, e.g.*, *Chowdhury v. Sadovnik*, 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017); *Pinede v. N.Y.C. Dep't of Envt'l Prot.*, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, 2010 WL 1741373, at *2 (E.D.N.Y. Apr. 30, 2010). In this case, plaintiff's financial declaration does not establish that she is unable to pay the filing fee. *See* Mot. for IFP Status (Dkt. #2). Plaintiff states that she receives $1,900 per month in retirement payments and $1,020 per month in social security payments. *Id.* ¶ 3. Plaintiff also has $1,020 in a checking or savings account. She left blank the sections on the IFP affidavit regarding monthly expenses, debts, or other financial obligations, except that she dated that she has an unspecified amount of credit card debt. *Id*. ¶¶ 4-8. Plaintiff's financial declaration form is insufficient to show that she is entitled to proceed *in forma pauperis*. *Adkins*, 335 U.S. at 339; *see, e.g.*, *Ogidi-Abegaje v. Nassau Cmty. Coll.*, No. 19-CV-5519, 2020 WL 8768324, at *1 (E.D.N.Y. July 14, 2020); *Hardy-Graham v. Southampton Town Police Dep't*, No. 20-CV-0981, 2020 WL 8872599, at *1 (E.D.N.Y. Apr. 10, 2020).

**CONCLUSION**

Plaintiff's application for IFP status is denied without prejudice to renewal. If plaintiff wishes to proceed without the prepayment of fees, she must submit an amended application that establishes that she qualifies to proceed *in forma pauperis* within 30 days. If plaintiff is unable to demonstrate indigency, plaintiff must pay the $402 filing fee to the Clerk of Court of the Eastern District of New York within 30 days of the date of this order to proceed with her case. If plaintiff does not submit another IFP application or remit the filing fee within 30 days, this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: May 7, 2021
       Brooklyn, New York