UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAURETTA HUMPHREY,

                      Plaintiff,                      **MEMORANDUM AND ORDER**
                                                              21-CV-1901 (RPK)

      -against-

U.S. ARMY CORPS OF ENGINEERS and
LONG ISLAND NATIONAL CEMETERY,

                      Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Lauretta Humphrey brings this *pro se* action against the U.S. Army Corps of Engineers and Long Island National Cemetery. Plaintiff appears to allege that defendants have caused health and environmental harms in violation of a federal executive order. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons below, the complaint is dismissed. Plaintiff may file an amended complaint within 30 days of this order.

## BACKGROUND

      Plaintiff started this lawsuit by filing a form complaint. *See* Compl. (Dkt. #1). In the statement-of-claim section, plaintiff states only the following: "[d]isproportionately high and adverse human health of environmental effects of their action on minority and low income populations to the greatest extent practicable and permitted by law" and "[p]ropose egree in front of" an address at which plaintiff resides and a neighboring residence. *Id.* at 4; *see id.* at 1. In the relief section of the complaint, plaintiff writes, "developing a[n] opening in the middle of a street without access to an intersection infringing on the homeowners, residents and public both pedestrian and vehicular traffic flow." *Id.* at 4. Plaintiff alleges that the Court has jurisdiction

1

over this action under an Executive Order from 1994 entitled "Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations." Compl. at 3. That order requires each federal agency to analyze the effects of its programs, policies, and activities on minority and low-income populations. *See* Exec. Order No. 12,898, 59 Fed. Reg. 7629, 7630 (Feb. 16, 1994).

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

Additionally, a "complaint must at a minimum disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). When a complaint fails to do so, "the [C]ourt has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Ibid.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Dismissal is warranted where a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

2

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Plaintiff's complaint fails to state a claim. The form complaint is inadequate because it identifies neither the legal claims that plaintiff alleges against each defendant nor the factual bases for those claims. To the extent that plaintiff seeks to bring a claim under Executive Order 12,898, plaintiff cannot do so. By its terms, the executive order "is intended only to improve the internal management of the executive branch" and "shall not be construed to create any right to judicial review involving the compliance or noncompliance" of any person. Exec. Order No. 12,898, 59 Fed. Reg. 7629, 7632-33 (Feb. 16, 1994); *see Green v. New York City Transit Auth.*, No. 15-CV-8204, 2019 WL 1428336, at *8 (S.D.N.Y. Mar. 28, 2019) (dismissing claim brought under an executive order because the text of the order stated that it does not give rise to a private cause of action). The complaint is accordingly dismissed without prejudice.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff may file an amended complaint within 30 days of this order. The new complaint must be captioned "Amended Complaint" and bear the same

3

docket number as this order.  Any amended complaint must provide a short and plain statement of the facts supporting each claim against each defendant named in the amended complaint.  The amended complaint will completely replace the original complaint.

No summons shall issue at this time and all further proceedings are stayed for 30 days.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

SO ORDERED.

    */s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: June 21, 2021
      Brooklyn, New York