UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAURETTA HUMPHREY,

                Plaintiff,                           **MEMORANDUM AND ORDER**
                                                           21-CV-1901 (RPK) (MMH)
      -against-

U.S. ARMY CORPS OF ENGINEERS and
LONG ISLAND NATIONAL CEMETERY,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Lauretta Humphrey filed this lawsuit to challenge a construction project undertaken by the U.S. Army Corps of Engineers and Long Island National Cemetery.  Plaintiff states that she is opposed to a project to create a new egress at a cemetery along Baisley Boulevard in Jamaica, Queens, near her residence.  *See* Am. Compl. at 7-10 (Dkt. #7).  She asserts that the project violates an Executive Order from 1994 entitled "Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations."  I dismissed plaintiff's initial complaint in this case on the ground that plaintiff had not stated a claim.  *See* Memorandum & Order (Dkt. #6).  Plaintiff then filed an amended complaint.  The amended complaint fails to establish that this Court has jurisdiction over plaintiff's lawsuit.  Accordingly, the amended complaint is dismissed.

## DISCUSSION

    A federal court may *sua sponte* raise the question of whether it has subject matter jurisdiction over a case.  *United Food & Comm. Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  If the Court "determines at any time that it lacks

1

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). A complaint filed by a *pro se* plaintiff must be "liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted), but a *pro se* plaintiff must "still . . . establish[] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Plaintiff has failed to establish that this Court has jurisdiction to hear her case. Plaintiff invokes this Court's jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; *see* Am. Compl. at 4 (stating that "the basis for federal court jurisdiction" is a federal question). "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Plaintiff has not established that the amended complaint arises under a federal law. The sole federal law that plaintiff invokes is Executive Order 12,898. *See* Am. Compl. at 7-10. But that order does not create a federal cause of action. As explained in the order dismissing plaintiff's original complaint, that order specifies that it "is intended only to improve the internal management of the executive branch" and "shall not be construed to create any right to judicial review involving the compliance or noncompliance" of any person. Exec. Order No. 12,898, 59 Fed. Reg. 7629,

7632-33 (Feb. 16, 1994). Plaintiff's "putative jurisdiction-conferring federal claim" is therefore "wholly insubstantial and frivolous." *Fair v. Verizon Commc'ns, Inc.*, No. 12-CV-6130, 2014 WL 2624758, at *1 (S.D.N.Y. June 5, 2014) (quoting *Steel Co.*, 523 U.S. at 89) (dismissing federal claim for lack of subject matter jurisdiction because it was brought under a statute that expressly states that it "shall [not] be construed to authorize any private right of action"); *see, e.g., Green v. New York City Transit Auth.*, No. 15-CV-8204, 2019 WL 1428336, at *8 (S.D.N.Y. Mar. 28, 2019) (dismissing claim brought under an executive order because its text stated that it does not give rise to a private cause of action); *see also Air Transp. Ass'n of Am. (ATA) v. Pro. Air Traffic Controllers Org. (PATCO)*, 667 F.2d 316, 321 n.10 (2d Cir. 1981) ("[T]he district courts lack jurisdiction to enforce executive orders."). Accordingly, plaintiff has not pleaded a basis for federal subject matter jurisdiction.

## CONCLUSION

The amended complaint is dismissed based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

SO ORDERED.

                                                 */s/ Rachel Kovner*
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated: July 22, 2021
       Brooklyn, New York